**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | |
| Plaintiff, | CIVIL ACTION NO. 2:12-CV-06798 |
| v. | BEFORE:  The Hon. Legrome D. Davis |
| SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO INFINITY COMPUTER**
**PRODUCTS, INC.'S SEVERED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Samsung Electronics America, Inc. ("Samsung") answers Plaintiff Infinity Computer Products, Inc.'s ("Infinity") Severed Complaint for Patent Infringement ("Complaint") as follows.  Each of the paragraphs below corresponds to the same numbered paragraph in the Complaint.

## NATURE OF THE ACTION

1.      In answer to Paragraph 1, Samsung admits that Infinity alleges infringement of U.S. Patent Nos. 6,894,811 ("the '811 patent"), 7,489,423 ("the '423 patent"), 8,040,574 ("the '574 patent"), and 8,294,915 ("the '915 patent") and that Infinity seeks injunctive relief and monetary damages.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore denies those allegations.

2.      In answer to Paragraph 2, Samsung admits that Infinity  filed an action styled as *Infinity Computer Products, Inc. v. Brother Int'l Corp.* (Case No. 2:10-cv-03175) in the Eastern District of Pennsylvania on June 30, 2010.  Samsung admits that it was severed from that action

by order of the Court on November 16, 2012.  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies those allegations.

**THE PARTIES**

3.      Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies those allegations.

4.      In answer to Paragraph 4, Samsung answers that its principal place of business is at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that it can be served through its registered agent, CT Corporation.  Samsung admits that it has been registered as a foreign corporation with the Pennsylvania Department of State since December 1, 1995. Samsung denies the remaining allegations of Paragraph 4.

**JURISDICTION AND VENUE**

5.      In answer to Paragraph 5, Samsung admits and alleges that the Complaint purports to be brought under the statutes cited.

6.      In answer to Paragraph 6, Samsung admits that this Court has subject matter jurisdiction over the subject matter of this action.

7.      In answer to Paragraph 7, Samsung admits that it does business in the State of Pennsylvania and in the Eastern District of Pennsylvania.  Samsung denies the remaining allegations of Paragraph 7.

8.      In answer to Paragraph 8, Samsung admits that it does business in the State of Pennsylvania and in the Eastern District of Pennsylvania.  Samsung denies the remaining allegations of Paragraph 8.

9.      In answer to Paragraph 9, Samsung admits that venue in this judicial district is proper, but denies that venue is convenient.

## FACTUAL BACKGROUND

10.     In answer to Paragraph 10, Samsung admits that on the front page of the '811 patent, the date of the patent is listed as May 17, 2005 and the title is listed as "INTERFACE CIRCUIT FOR UTILIZING A FACSIMILE COUPLED TO A PC AS A SCANNER OR PRINTER." Samsung admits that the U.S. Patent and Trademark Office ("PTO") issued an *ex parte* reexamination certificate for the '811 patent on July 31, 2012. Samsung admits that a copy of the '811 patent is attached to the Complaint as Exhibit A, but denies that the reexamination certificate appended thereto is true and correct. Samsung denies the remaining allegations of Paragraph 10.

11.     In answer to Paragraph 11, Samsung admits that on the front page of the '423 patent, the date of the patent is listed as February 10, 2009 and the title is listed as "INTERFACE CIRCUIT FOR UTILIZING A FACSIMILE COUPLED TO A PC AS A SCANNER OR PRINTER." Samsung admits that the PTO issued an *ex parte* reexamination certificate for the '423 patent on May 1, 2012 and that a copy of the '423 patent is attached to the Complaint as Exhibit B. Samsung denies the remaining allegations of Paragraph 11.

12.     In answer to Paragraph 12, Samsung admits that on the front page of the '574 patent, the date of the patent is listed as October 18, 2011 and the title is listed as "INTERFACE CIRCUIT FOR UTILIZING A FACSIMILE COUPLED TO A PC AS A SCANNER OR PRINTER." Samsung admits that a copy of the '574 patent is attached to the Complaint as Exhibit C. Samsung denies the remaining allegations of Paragraph 12.

13.     In answer to Paragraph 13, Samsung admits that on the front page of the '915 patent, the date of the patent is listed as October 23, 2012 and the title is listed as "INTERFACE CIRCUIT FOR UTILIZING A FACSIMILE COUPLED TO A PC AS A SCANNER OR

PRINTER."  Samsung admits that a copy of the '915 patent is attached to the Complaint as Exhibit D.  Samsung denies the remaining allegations of Paragraph 13.

14.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies those allegations.

15.     In answer to Paragraph 15, Samsung admits that prior to filing the related action, Infinity engaged in correspondence with Samsung Electronics Co., Ltd. during which Infinity identified the '811 and '423 patents, but denies the remaining allegations.

**COUNT ONE**
**THE '811 PATENT**

16.     Samsung incorporates the foregoing admissions, denials, and allegations.

17.     In answer to Paragraph 17, Samsung admits that it sells and has offered for sale a product with the model number SCX-3405FW.  Samsung denies each and every remaining allegation contained in Paragraph 17, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

18.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies those allegations.

19.     In answer to Paragraph 19, Samsung admits that Infinity  filed an action styled as *Infinity Computer Products, Inc. v. Brother Int'l Corp.* (Case No. 2:10-cv-03175) in the Eastern District of Pennsylvania on June 30, 2010 accusing Samsung of infringing the '811 patent. Samsung denies the remaining allegations of Paragraph 19.

20.     In answer to Paragraph 20, Samsung admits that its affiliates maintain the website www.samsung.com that references Samsung's products.  Samsung denies the remaining allegations contained in Paragraph 20.

21.     Samsung denies each and every allegation contained in Paragraph 21, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

22.     Samsung denies each and every allegation contained in Paragraph 22 and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

23.     Samsung denies each and every allegation contained in Paragraph 23 and specifically denies that Infinity has suffered damages as a result of any wrongful action on the part of Samsung.

## COUNT TWO
### THE '423 PATENT

24.     Samsung incorporates the foregoing admissions, denials, and allegations.

25.     In answer to Paragraph 25, Samsung admits that it sells and has offered for sale a product with the model number SCX-3405FW.  Samsung denies each and every remaining allegation contained in Paragraph 25, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

26.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies those allegations.

27.     In answer to Paragraph 27, Samsung admits that Infinity  filed an action styled as *Infinity Computer Products, Inc. v. Brother Int'l Corp.* (Case No. 2:10-cv-03175) in the Eastern District of Pennsylvania on June 30, 2010 accusing Samsung of infringing the '423 patent. Samsung denies the remaining allegations of Paragraph 27.

28.     In answer to Paragraph 28, Samsung admits that its affiliates maintain the website www.samsung.com that references Samsung's products.  Samsung denies the remaining allegations contained in Paragraph 28.

29.     Samsung denies each and every allegation contained in Paragraph 29, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

30.     Samsung denies each and every allegation contained in Paragraph 30 and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

31.     Samsung denies each and every allegation contained in Paragraph 31 and specifically denies that Infinity has suffered damages as a result of any wrongful action on the part of Samsung.

**COUNT THREE**
**THE '574 PATENT**

32.     Samsung incorporates the foregoing admissions, denials, and allegations.

33.     In answer to Paragraph 33, Samsung admits that it sells and has offered for sale a product with the model number SCX-3405FW.  Samsung denies each and every remaining allegation contained in Paragraph 33, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

34.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies those allegations.

35.     Samsung denies each and every allegation contained in Paragraph 35.

36.     In answer to Paragraph 36, Samsung admits that its affiliates maintain the website www.samsung.com that references Samsung's products.  Samsung denies the remaining allegations contained in Paragraph 36.

37.     Samsung denies each and every allegation contained in Paragraph 37, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

38.     Samsung denies each and every allegation contained in Paragraph 38 and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

39.     Samsung denies each and every allegation contained in Paragraph 39 and specifically denies that Infinity has suffered damages as a result of any wrongful action on the part of Samsung.

## COUNT FOUR
## THE '915 PATENT

40.     Samsung incorporates the foregoing admissions, denials, and allegations.

41.     In answer to Paragraph 41, Samsung admits that it sells and has offered for sale a product with the model number SCX-3405FW.  Samsung denies each and every remaining allegation contained in Paragraph 41, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

42.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies those allegations.

43.     Samsung denies each and every allegation contained in Paragraph 43.

44.     In answer to Paragraph 44, Samsung admits that its affiliates maintain the website www.samsung.com that references Samsung's products.  Samsung denies the remaining allegations contained in Paragraph 44.

45.     Samsung denies each and every allegation contained in Paragraph 45, and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

46.     Samsung denies each and every allegation contained in Paragraph 46 and specifically denies that it has violated plaintiff's rights in the manner alleged or any other manner.

47.     Samsung denies each and every allegation contained in Paragraph 47 and specifically denies that Infinity has suffered damages as a result of any wrongful action on the part of Samsung.

## JURY DEMAND

48.     This paragraph sets forth Infinity's request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

49.     Samsung denies that Infinity is entitled to any relief with respect to its allegations against Samsung.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, Samsung hereby denies them.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Samsung pleads the following defenses:

8

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

50.     Infinity's Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Non-Infringement)**

51.     Samsung has not engaged in any acts that would constitute infringement of, contributory infringement of, or inducement to infringe any valid claim of the '811, '423, '574, or '915 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
**(Invalidity)**

52.     The claims of the patents-in-suit are invalid under 35 U.S.C. § 1 *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 116, 132, 251, and/or 256.

### FOURTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

53.     Based on representations, admissions, arguments, and amendments made by or on behalf of Infinity and/or the alleged inventors of the patents-in-suit during the prosecution of the patents-in-suit, Infinity's claims against Samsung are barred in whole or in part by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE
**(No Entitlement to Injunctive Relief)**

54.     Infinity is not entitled to any injunctive relief because it has not suffered irreparable harm and has an adequate remedy at law.

### SIXTH AFFIRMATIVE DEFENSE
**(Equity)**

55.     Infinity's claims are barred in whole or in part under the equitable doctrines of laches, estoppel, waiver, unclean hands, and/or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE
### (Intervening Rights)

56.     Infinity's claims for relief are barred in whole or part due to intervening rights arising pursuant to 35 U.S.C. §§ 252 and 307.

## EIGHTH AFFIRMATIVE DEFENSE
### (Notice)

57.     Infinity's claims for relief are barred, in whole or in part, by a failure to provide adequate notice under 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

58.     Samsung has not and does not willfully infringe any valid and enforceable claims of the '811, '423, '574, or '915 patents.

## TENTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

59.     Samsung is informed and believes and on that basis alleges that the '811, '423, '574, and '915 patents are unenforceable due to inequitable conduct by Marvin J. Nachman ("Nachman") and/or Infinity's patent attorney Louis Weinstein ("Weinstein") in failing to discharge their duty of candor to the PTO during the prosecution of the patent applications leading to the issuance of the patents-in-suit.

60.     Upon information and belief, Infinity filed U.S. Patent Application No. 08/226,278 ("the '278 application") on April 11, 1994, which issued as U.S. Patent No. 5,530,558 ("the '558 patent") on June 25, 1996.

61.     Upon information and belief, Infinity filed U.S. Patent Application No. 08/669,056 ("the '056 application") on June 24, 1996, as a continuation-in-part of the '278 application.  The '056 application issued as the '811 patent on May 17, 2005.

62.     Upon information and belief, Infinity filed U.S. Patent Application No. 11/084,297 ("the '297 application") on May 19, 2005, as a division of the '056 application.  The '297 application issued as the '423 patent on February 10, 2009.

63.     Upon information and belief, Infinity filed U.S. Patent Application No. 12/322,908 ("the '908 application") on February 9, 2009 as a continuation of the '297 application.  The '908 application issued as the '574 patent on October 18, 2011.

64.     Upon information and belief, Infinity filed U.S. Patent Application No. 13/317,310 ("the '310 application") on October 14, 2011 as a continuation of the '908 application.  The '310 application issued as the '915 patent on October 23, 2012.

65.     Upon information and belief, Weinstein was involved in the prosecution of at least the '278 and '056 applications, and Nachman was involved in the prosecution of the '278, '056, '297, '908, and '310 applications.

66.     The '056 application was filed as a continuation-in-part of the '278 application and contained new matter that was not disclosed in the '278 application.  For example, column 6, line 51 to column 8, line 29 and Figures 2f to 2i of the '811 patent contain disclosures that do not appear in the '278 application.

67.     The new matter added in the '056 application does not benefit from the original filing date of the '278 application.  Infinity relied on this new matter during the prosecution of the '056 patent.  Some or all of the claims of the '811 patent are based on new matter that was first disclosed in the '056 application, which was filed on June 24, 1996.

68.     The '297 application, which issued as the asserted '423 patent, similarly contained matters that were not disclosed in the '056 application.  Some or all of the claims of

the '423 patent are based on new matter that was first disclosed in the '056 application, which was filed on June 24, 1996.

69.     The '908 application, which issued as the asserted '574 patent, similarly contained matters that were not disclosed in the '056 application.  Some or all of the claims of the '574 patent are based on new matter that was first disclosed in the '056 application, which was filed on June 24, 1996.

70.     The '310 application, which issued as the asserted '915 patent, similarly contained matters that were not disclosed in the '056 application.  Some or all of the claims of the '915 patent are based on new matter that was first disclosed in the '056 application, which was filed on June 24, 1996.

71.     One or more claims of the '811, '423, '574 and '915 patents are not entitled to the benefit of the filing date of the '558 patent.

72.     One or more claims of the '811, '423, '574 and '915 patents are entitled to a filing date no earlier than the filing date of the '056 application, June 24, 1996.

73.     Upon information and belief, Infinity offered for sale a product called Scan-By-Fax more than one year prior to June 24, 1996.

74.     Upon information and belief, the Scan-By-Fax product was in public use more than one year prior to June 24, 1996.

75.     Upon information and belief, Nachman and Weinstein knew that the Scan-By-Fax product was on sale and/or in public use more than one year prior to June 24, 1996.

76.     Upon information and belief, Nachman and Weinstein were aware of publications that described the Scan-By-Fax product that were published more than one year prior to June 24, 1996.

77.     Upon information and belief, Infinity filed a trademark application for "SCAN-BY-FAX MODEL 2000 INFINITY COMPUTER PRODUCTS ONLINE" (the "Scan-By-Fax Trademark Application") on August 3, 1994, which identified the associated goods as "Interface Boards Used With Facsimile Machines and Computer" and a first use date of May 1, 1994.

78.     Upon information and belief, Infinity's Scan-By-Fax Trademark Application was filed by the law firm of Weinstein, Scher & Kimmelman, the same law firm that prosecuted the '588 and '811 Patents.  Upon information and belief, Weinstein was a partner of the Weinstein, Scher & Kimmelman firm.

79.     The Scan-By-Fax product was described in an August 8, 1994 article in Computer Reseller News as follows:

> Infinity Computer Products Inc., Norristown, is shipping a scan-by-fax device that converts a standard fax machine into an optical scanner.
>
> The $129.95 device, available to resellers, connects between the fax machine and the computer, via an RJ11 connector, said inventor Bruce Nachman, president of the Norristown-based company.
>
> Scan-by-Fax also allows the use of the fax machine as a printer for the PC.  Scan-by-Fax's optical-character-reader package converts scanned documents into text that can be imported in word processors and spreadsheet programs.
>
> Measuring 5 x 4 x 2 inches, the device comes bundled with Fax Manager, BitSoftware and BitFax software, which allows the device to file scans in the PC's hard-storage system.

80.     The Scan-By-Fax product was described in an October 11, 1994 article in Newsbytes as an:

> . . . alternative to scanners that uses a fax machine as a sort of scanner equivalent.  The Scan-by-fax device links an external fax machine directly to a standard fax-modem to produce digitized images.

13

. . .

> According to the firm, with Scan-by-Fax, a fax machine "calls" a fax modem directly, bypassing the phone company.  This speeds the scanning process and improves image quality to the maximum the fax machine can provide.

> The currently shipping Scan-by-Fax is PC-compatible.   ICP spokesperson Bruce Nachman told Newsbytes an Apple version will ship in the next 30 days.

81.   The Scan-By-Fax product was also described in an October 7, 1994 article on the PR Newswire as follows:

> [The Scan-by-Fax] turns any office fax machine into a scanner, OCR (Optical Character Recognition) document reader and even a computer printer.

> . . .

> Called the SCAN-BY-FAX™, the new accessory provides a sharp, legible and accurate text or scanned image into any computer's memory. The unit . . . connects by standard telephone cords and RJ-11 modular connectors to the fax machine and any kind of fax/modem installed in the computer.  The fax machine "calls" the fax modem and then sends the document image to the computer, where it is captured and stored by BitFax Professional software, which is bundled with the SCAN-BY-FAX.   There are no telephone line connections or charges involved.

> The product, U.S. Patent pending, may be used with any OCR software.

> . . .

> The technology is available immediately for OEM relabeling and licensing.

82.   The Scan-By-Fax product was also described in a February 1995 article in PC World as follows:

> Consider the low-cost Scan-By-Fax, which lets a fax machine function as a scanner and printer.

> . . .

14

> I can't quibble with the installation or operation of Scan-By-Fax, which performed exactly as promised. I was able to scan documents from my fax machine, view them in BitFax Professional, and save them on my PC's hard disk. The printing feature worked well, too.

83. The Scan-By-Fax product and its related publications were material to the patentability of one or more claims of the '811, '423, '574, and '915 patents and were not cumulative with information before the Examiner.

84. Upon information and belief, Nachman and Weinstein were aware of the Scan-By-Fax product, the Scan-By-Fax Trademark Application, and/or publications that relate to the Scan-By-Fax product.

85. On July 29, 1996, Infinity Computer Products, Inc. issued a press release on PR Newswire announcing the award of a patent "for enabling fax machines to provide automatic full page scanning and printing for computers" and that "[i]nformation on this technology, called 'Scan-By-Fax(TM),' is available on the Internet."

86. The July 29, 1996 press release described, "How 'Scan-By-Fax(TM)' Works:"

> Scan-By-Fax(TM)" Model 2000 installs between a standard fax machine and a PC containing a fax card. The scanning or printing function is activated automatically, at the press of a button.
>
> Key Features of "Scan-By-Fax(TM)":
> -- Enables use of your fax machine as a scanner for your PC.
> -- Enables use of your fax machine as a printer for your PC.
> -- Portable, may be used to gather field data.
>
> . . .
>
> -- Easy plug and play one time hook up.
> -- Bypasses telephone lines
>
> . . .
>
> -- Scanning or printing with multi-sheet feed is automatic and unattended.

-- Internal or external "Scan-By-Fax(TM)" configurations may be incorporated into fax machines, or fax modems.

87.    The July 29, 1996 press release stated that the "The Scan-By-Fax(TM) Model 2000, including FREE OCR software has been selling for two years, with a list price of $149.95."

88.    The July 29, 1996 press release listed Marvin Nachman as a contact for Infinity Computer Products, Inc.

89.    Upon information and belief, Nachman and Weinstein knew or should have known that information and publications relating to the Scan-By-Fax product were material to the patentability of the '811, '423, '574, and '915 patents, but intentionally withheld the information and publications from the PTO with an intent to deceive the PTO.  This intentional withholding of material information constitutes inequitable conduct and renders the '811, '423, '574, and '915 patents unenforceable.

<u>RESERVATION OF ADDITIONAL DEFENSES</u>

90.    Samsung reserves the right to assert additional defenses that may be developed through discovery in this action.

<u>SAMSUNG'S COUNTERCLAIMS</u>

Counterclaimant Samsung Electronics America, Inc. ("Samsung") hereby alleges against Counterclaim Defendant Infinity Computer Products, Inc. ("Infinity") as follows:

<u>THE PARTIES</u>

91.    Samsung is a corporation organized and existing under the laws of the State of New York and has its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

92.     In its Complaint, Infinity alleges that it is a corporation organized under the laws of the State of Pennsylvania with a principal place of business at 315 Saybrook Road, Villanova, Pennsylvania 19085.

## JURISDICTION AND VENUE

93.     These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the patent laws of the United States 35 U.S.C. § 1 et seq.

94.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 in combination with 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists under the Declaratory Judgment Act because Infinity has asserted and is asserting infringement of the patents-in-suit by Samsung and Samsung denies those assertions.

95.     By filing its Complaint, Infinity has consented to the personal jurisdiction of this Court.

96.     To the extent this action remains in this judicial district, venue is appropriate because Infinity consented to this venue by filing its Complaint here, and the present counterclaims are in response to the allegations contained in the Complaint.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '811 Patent)

97.     Samsung incorporates the foregoing admissions, denials, and allegations.

98.     An actual controversy exists between Samsung and Infinity as to whether Samsung infringes, directly or indirectly, the '811 patent, as Infinity contends, or does not do so, as Samsung contends.

99.     By this Counterclaim, Samsung seeks a declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '811 patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '811 Patent)

100.    Samsung incorporates the foregoing admissions, denials, and allegations.

101.    An actual controversy exists between Samsung and Infinity as to whether the '811 patent is valid, as Infinity contends, or is invalid as Samsung contends.

102.    By this Counterclaim, Samsung seeks a declaration that the claims of the '811 patent are invalid.

## THIRD COUNTERCLAIM
### (Unenforceability of the '811 Patent)

103.    Samsung incorporates the foregoing admissions, denials, and allegations.

104.    An actual controversy exists between Samsung and Infinity as to whether the '811 patent is enforceable, as Infinity contends, or is unenforceable due to inequitable conduct by Infinity before the Patent Office, as Samsung contends.

105.    By this Counterclaim, Samsung seeks a declaration that the claims of the '811 patent are unenforceable due to inequitable conduct by Infinity as specifically described above.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '423 Patent)

106.    Samsung incorporates the foregoing admissions, denials, and allegations.

107.    An actual controversy exists between Samsung and Infinity as to whether Samsung infringes, directly or indirectly, the '423 patent, as Infinity contends, or does not do so, as Samsung contends.

108.    By this Counterclaim, Samsung seeks a declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '423 patent, either literally or under the doctrine of equivalents.

### FIFTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '423 Patent)**

109.    Samsung incorporates the foregoing admissions, denials, and allegations.

110.    An actual controversy exists between Samsung and Infinity as to whether the '423 patent is valid, as Infinity contends, or is invalid as Samsung contends.

111.    By this Counterclaim, Samsung seeks a declaration that the claims of the '423 patent are invalid.

### SIXTH COUNTERCLAIM
**(Unenforceability of the '423 Patent)**

112.    Samsung incorporates the foregoing admissions, denials, and allegations.

113.    An actual controversy exists between Samsung and Infinity as to whether the '423 patent is enforceable, as Infinity contends, or is unenforceable due to inequitable conduct by Infinity before the Patent Office, as Samsung contends.

114.    By this Counterclaim, Samsung seeks a declaration that the claims of the '423 patent are unenforceable due to inequitable conduct by Infinity as specifically described above.

### SEVENTH COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '574 Patent)**

115.    Samsung incorporates the foregoing admissions, denials, and allegations.

116.    An actual controversy exists between Samsung and Infinity as to whether Samsung infringes, directly or indirectly, the '574 patent, as Infinity contends, or does not do so, as Samsung contends.

117.    By this Counterclaim, Samsung seeks a declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '574 patent, either literally or under the doctrine of equivalents.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '574 Patent)

118.     Samsung incorporates the foregoing admissions, denials, and allegations.

119.     An actual controversy exists between Samsung and Infinity as to whether the '574 patent is valid, as Infinity contends, or is invalid as Samsung contends.

120.     By this Counterclaim, Samsung seeks a declaration that the claims of the '574 patent are invalid.

## NINTH COUNTERCLAIM
### (Unenforceability of the '574 Patent)

121.     Samsung incorporates the foregoing admissions, denials, and allegations.

122.     An actual controversy exists between Samsung and Infinity as to whether the '574 patent is enforceable, as Infinity contends, or is unenforceable due to inequitable conduct by Infinity before the Patent Office, as Samsung contends.

123.     By this Counterclaim, Samsung seeks a declaration that the claims of the '574 patent are unenforceable due to inequitable conduct by Infinity as specifically described above.

## TENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '915 Patent)

124.     Samsung incorporates the foregoing admissions, denials, and allegations.

125.     An actual controversy exists between Samsung and Infinity as to whether Samsung infringes, directly or indirectly, the '915 patent, as Infinity contends, or does not do so, as Samsung contends.

126.     By this Counterclaim, Samsung seeks a declaration that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '915 patent, either literally or under the doctrine of equivalents.

## ELEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '915 Patent)

127.    Samsung incorporates the foregoing admissions, denials, and allegations.

128.    An actual controversy exists between Samsung and Infinity as to whether the '915 patent is valid, as Infinity contends, or is invalid as Samsung contends.

129.    By this Counterclaim, Samsung seeks a declaration that the claims of the '915 patent are invalid.

## TWELFTH COUNTERCLAIM
### (Unenforceability of the '915 Patent)

130.    Samsung incorporates the foregoing admissions, denials, and allegations.

131.    An actual controversy exists between Samsung and Infinity as to whether the '915 patent is enforceable, as Infinity contends, or is unenforceable due to inequitable conduct by Infinity before the Patent Office, as Samsung contends.

132.    By this Counterclaim, Samsung seeks a declaration that the claims of the '915 patent are unenforceable due to inequitable conduct by Infinity as specifically described above.

## JURY DEMAND

Samsung hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays for judgment in its favor as follows:

(a)    That Infinity take nothing from Samsung by reason of its Complaint, and that the same be dismissed with prejudice as to Samsung;

(b)    That the Court render a judicial declaration that Samsung has not infringed any valid and enforceable claim of either of the patents-in-suit, either directly or indirectly;

(c)    That the Court render a judicial declaration that the claims of the patents-in-suit are invalid;

(d)     That the Court render a judicial declaration that the claims of the patents-in-suit

are unenforceable;

(e)     That the Court declare this case exceptional under 35 U.S.C. § 285 and award

Samsung its reasonable costs of suit and attorneys' fees; and

(f)     That the Court award Samsung such other and further relief as this court may

deem just and proper.

Dated:  January 23, 2013                         Respectfully submitted,

                                                 /s/ Gary A. Rosen
                                                 Gary A. Rosen (GAR-4397)
                                                 LAW OFFICES OF GARY A. ROSEN, P.C.
                                                 63 West Lancaster Avenue, Suite 1
                                                 Ardmore, PA 19003
                                                 Telephone: (610) 658-8790
                                                 Facsimile: (610) 658-8792

                                                 Mark Samuels (*Pro Hac Vice*)
                                                 Ryan K. Yagura (*Pro Hac Vice*)
                                                 Xin-Yi Zhou (*Pro Hac Vice*)
                                                 O'Melveny & Myers LLP
                                                 400 South Hope Street
                                                 Los Angeles, California 90071
                                                 Telephone: (213) 430-6000
                                                 Facsimile: (213) 430-6407

                                                 *Attorneys for Defendant Samsung Electronics*
                                                 *America Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system on January 23, 2013.  All other counsel of record will be served via facsimile or

first class mail.


*/s/ Gary A. Rosen*_____
Gary A. Rosen